JUSTICE HUNT
dissenting.
I dissent. The majority’s opinion denies Garcia the opportunity to present evidence relating to the extent of her disability. The Workers’ Compensation Court exceeded its jurisdiction by deciding issues not raised by the parties. The issue before the Workers’ Compensation Court was whether Garcia suffered a compensable industrial injury arising out of her scope of employment on July 18, 1988. The court properly ruled that Garcia met the requirements of an “injury” as defined in § 39-71-119, MCA (1987). The Workers’ Compensation Court, however, went one step further and ruled that her injury on July 18, 1988, did not result in any disability which entitled her to compensation beyond the amount paid.
*203 Garcia did not receive any notice or have any opportunity to present evidence relating to the extent of her disability. Garcia’s attorney only presented a case on whether she suffered a compensable industrial injury. The fact that the issue was phrased in terms of “compensable injury” did not notify Garcia that the extent of compensation was an issue. As a result, there was no evidence relating to Garcia’s “maximum healing” which is necessary for her to continue receiving temporary total disability benefits. Section 39-71-701(4), MCA. The State Fund was allowed to stop paying Garcia benefits without a determination that she had achieved “maximum healing.” Moreover, an impairment rating cannot be obtained until Garcia reaches “maximum healing.” The Workers’ Compensation Court decided the issue without any evidence presented by Garcia relating to her physical impairment, or its affect on her earning capacity, because she did not have notice that the issue would be decided.
I would reverse and remand to the Workers’ Compensation Court to allow Garcia to present evidence relating to the extent of her disability.
JUSTICE TRIEWEILER concurs in the foregoing dissent.